The Honorable Jerry E. Hinshaw State Representative Route 4, Box 444A Springdale, AR 72764
Dear Representative Hinshaw:
This is in response to your request for an opinion regarding the effect of an expungement in connection with the appointment of a member of a sheriff's posse.
According to the facts outlined in your request, the individual in question pled guilty to a charge of theft by receiving and received two years" probation. An order was subsequently entered expunging the record. This information was discovered after a favorable determination on his application for membership on the sheriff's posse. This question posed is whether this individual is eligible to serve a law enforcement officer if he meets all other requirements.
A review of the Arkansas Commission on Law Enforcement Standards and Training regulations indicates that a posse member is an "auxiliary law enforcement officer," and as such falls with the definition of "law enforcement officer". Executive Commission on Law Enforcement Standards and Training Rules and Regulations Manual 1001 (1984 Revision). Arkansas Code of 1987 Annotated12-9-106(b) must therefore be considered wherein it states in pertinent part:
[N]o person who pleads guilty or is found guilty of a felony shall be eligible to be appointed or certified as a law enforcement officer.
Reference must also be made to A.C.A. 12-9-304, governing appointment and training requirements for auxiliary law enforcement officers, wherein it states:
 No one may be appointed or serve as an auxiliary law enforcement officer if the person has been convicted by a state or by the federal government of a crime, the punishment for which could have been imprisonment in a federal penitentiary or a state prison.[1]
A.C.A. 12-9-304(i).
We are unable to determine from the facts presented whether or not this individual pled guilty to a felony. Theft by receiving may be a misdemeanor, depending upon the value of the property. See A.C.A. 5-36-106. This distinction may, however, not be significant in light of 12-9-304(i), supra, which does not appear to be dependent upon a felony conviction.
It is my opinion that the expungement in this situation in all likelihood does not nullify the operation of A.C.A. 12-9-106(b) and 12-9-304(i), and that the individual is ineligible for appointment or certification as a law enforcement officer.
Please note that I have enclosed a copy of Attorney General Opinion Number 89-056, wherein this issue is fully explored and the basis for this determination is outlined.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] "Auxiliary law enforcement officer" means ". . . reserve volunteer, mounted patrol, and other similar terms in common usage and refers to persons appointed and who receive no salary or wages for the performance of any duties and does not include any officer or deputy sheriff who may be employed by a planned community property owners association.'